**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4303**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHAWN SCHENCK, a/k/a AR, a/k/a Shawn Humbert,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:15-cr-00002-H-1)

Submitted:  February 9, 2017          Decided:  February 17, 2017

Before MOTZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Hannah Rogers Metcalfe, METCALFE & ATKINSON, LLC, Greenville, South Carolina, for Appellant.  Jennifer P. May-Parker, Phillip Anthony Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Schenck pled guilty, pursuant to a written plea agreement, to a criminal information charging that he engaged in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a) (2012). Prior to sentencing, Schenck moved to withdraw his guilty plea, asserting that his plea was neither voluntary nor supported by a sufficient factual basis. The district court denied Schenck's motion and sentenced Schenck to a term of 276 months in prison. Schenck timely appeals.

On appeal, Schenck challenges whether a sufficient factual basis supported his guilty plea, and contends that the district court erred in denying his motion to withdraw his plea and in imposing a 276-month sentence. The Government has moved to dismiss the appeal on the basis of Schenck's waiver of the right to appeal his conviction and sentence.

"We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). Schenck challenges the waiver's validity insofar as he contests the validity of the plea itself. Because Schenck preserved this issue by moving in the district court to withdraw his guilty plea, we evaluate the Fed. R. Crim. P. 11

proceedings for harmless error. United States v. Bradley, 455 F.3d 453, 461 (4th Cir. 2006); see Fed. R. Crim. P. 11(h).

Our review of the record reveals that the district court properly ensured that Schenck's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. Accordingly, we conclude that the plea was valid. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Similarly, we conclude that Schenck knowingly and voluntarily waived the right to appeal his sentence, see United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010), except for claims of ineffective assistance or prosecutorial misconduct not known to Schenck at the time of his guilty plea. We therefore grant in part the Government's motion to dismiss and dismiss Schenck's challenge to the reasonableness of his sentence.

However, Schenck's valid appellate waiver does not foreclose a challenge to the district court's denial of his motion to withdraw his guilty plea on the basis of the plea's validity. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We review the district court's denial for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Where, as here, the district court complied with the Rule 11 requirements, the

3

defendant must overcome a strong presumption that his guilty plea is final and binding. Nicholson, 676 F.3d at 384. In deciding a plea-withdrawal motion, the district court considers the nonexclusive factors set forth in United States v. Moore, 931 F.2d 245 (4th Cir. 1991). Nicholson, 676 F.3d at 384.

We have reviewed the record in this case and, after carefully considering the Moore factors and the parties' arguments, conclude that the district court did not abuse its discretion in denying Schenck's motion to withdraw his guilty plea. Accordingly, we dismiss the appeal in part and affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART